**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21cv2138

CARLOS CALZADILLAZ and
CHRISTEVE CALZADILLAZ,

    Plaintiffs,

v.

SKID STEER SOLUTIONS, LLC,

    Defendant.

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

    Defendant, Skid Steer Solutions, LLC, pursuant to 28 U.S.C. §§ 1441, *et. seq.* and 1446(a), file this Notice of Removal to remove this action from the District Court, Denver County, Colorado, to the United States District Court for the District of Colorado and, as grounds, state as follows:

**I.     INTRODUCTION**

    1.     Plaintiffs filed a Complaint in Denver County District Court on May 3, 2021. [Exhibit A, Complaint]. Plaintiff filed an Amended Complaint naming Skid Steer Solutions, LLC on Aug. 5, 2021.

    2.     Skid Steer Solutions, LLC was served with copies of the Complaint on July 9, 2021, per Exhibit B, Affidavit of Service.

3. A Notice of Removal shall be filed within thirty days of service of the complaint under 28 U.S.C. § 1446(b). This Notice of Removal, having been filed on or before August 8, 2021, is timely.

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**Diversity Issues**

5. The Plaintiffs are residents and citizens of the State of Colorado per the Complaint and the Amended Complaint filed in the State Court Action.

6. Skid Steer, LLC is a citizen of Washington under 28 U.S.C. § 1332(c)(1). [Exhibit K, Washington Secretary of State registration for Defendant Entity]. The citizenship of an LLC is determined by the citizenship of its members. *Siloam Springs Hotel, L.C.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Defendant Skid Steer Solutions, LLC has two members, Robert Leib and Jorden Leib, who are both residents and citizens of the State of Washington.

**Amount in Controversy Issues**

7. A federal court has subject matter jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008); 28 U.S.C. § 1332(a). Plaintiff asserts a significant hand injury after sticking his hand into the concrete mixer in question and asserted more than $100,000 in damages in the State

Court Complaint per Exhibits C and D, the Notice of Exclusion from C.R.C.P. 16.1 and the Civil Case Cover Sheet filed by the Plaintiff in the State Court Action. The District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) (unpublished).

Given the categories of damages alleged by Plaintiffs in the Complaint and the assertion in paragraph 2 of the Civil Case Cover sheet that in compliance with C.R.C.P. 11 and based upon information available, Plaintiffs and their attorney certify that the value of the claims is reasonably believed to exceed $100,000, the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Denver County District Court are being provided with this Notice of Removal including the following: Exhibit A, Complaint and Amended Complaint; Exhibit B, Affidavits of Service; Exhibit C, Notice of Exclusion C.R.C.P. 16.1; Exhibit D, Civil Case Cover Sheet; Exhibit E, Delay Reduction Order; Exhibit F, Pre-Trial Order; Exhibit G, Plaintiff's Motion Extension Time to Complete Service of Process; Exhibit H, Order Motion Extension of time to complete service process; Exhibit I, Plaintiff's Motion Extension Time to Complete Service of Process; and Exhibit J, Proposed Order Motion Extension of time to complete service process.

9. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending, and the alleged incident occurred in the State of Colorado per the Complaint and the Amended Complaint.

10. Written notice of the filing of this Notice of Removal was promptly served on Plaintiff's counsel and a copy was filed promptly with the District Court Clerk for Denver County, Colorado pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court was filed with the clerk contemporaneously with this Notice of Removal.

11. Accordingly, Defendant has proved by a preponderance of the evidence that removal is permissible under 28 U.S.C. § 1446 and that this Court has subject matter jurisdiction over this matter.

**WHEREFORE**, Defendant Skid Steer Solutions, LLC removes the State Court Action, case number 2021CV031384 in the District Court, Denver County, Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted,

 /s/ Tiffaney A. Norton
***Tiffaney A. Norton***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Phone: (303) 320-0509
Email: tnorton@sgrllc.com

 /s/ David G. VanMeter
***David G. VanMeter***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Phone: (303) 320-0509
Email: dvanmeter@sgrllc.com

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of August, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Court and served via Colorado Courts E-Filing system to the following:

Michael J. Thomson
Purvis • Gray • Thompson, LLP
4410 Arapahoe Avenue, Suite 200
Boulder, CO 80303
*Attorneys for Plaintiffs*

/s/ Carol J. Kelly
Legal Secretary