| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO <br> 1437 Bannock Street <br> Denver, CO 80202 <br><br> **Plaintiffs:** <br> CARLOS CALZADILLAZ and CHRISTEVE CALZADILLAZ <br> vs. <br> **Defendants:** <br> ETERRA ATTACHMENTS, L.L.C., ETERRA, L.L.C., and ETERRA-USA <br><br> **PURVIS • GRAY • THOMSON, LLP** <br> Michael J. Thomson, Reg. No. 33592 <br> 4410 Arapahoe Avenue, Suite 200 <br> Boulder, Colorado 80303 <br> Telephone (303) 442-3366 <br> Fax (303) 440-3688 <br> Email: mthomson@purvisgray.net <br> *Attorneys for Plaintiffs* | DATE FILED: May 3, 2021 3:37 PM <br> FILING ID: 48982C5EA5BB0 <br> CASE NUMBER: 2021CV31384 <br><br><br> ▲ COURT USE ONLY ▲ <br><br> Case No. |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs Carlos Calzadillaz and Christeve Calzadillaz, by and through their attorneys, PURVIS • GRAY • THOMSON, LLP, for their Complaint herein allege the following.

### I. JURISDICTIONAL ALLEGATIONS

1. This is an action to recover damages arising from severe personal injuries sustained by Plaintiff Carlos Calzadillaz as a result of an incident that occurred in the City and County of Denver, Colorado on May 13, 2019.

2. Plaintiffs are residents of Pueblo, Colorado.

3. ETERRA Attachments, L.L.C., ETERRA, L.L.C., and ETERRA-USA are either (a) a single company using all three names, or (b) three different businesses acting in concert and each doing business as the other from time to time. All are hereinafter referred to collectively as "ETERRA." All have their principal place of business in Bellingham, Washington. Defendant(s) ETERRA is/are resident(s) of Washington and does/do business in the State of Colorado.

4. Venue is proper in this Court pursuant to C.R.C.P. 98 for reason that incident happended in the City and County of Denver, Colorado. And, because ETERRA is/are a company(ies) which has/have its/their principal place of business in the state of Washington and

**EXHIBIT A**

is/are a non-resident(s) of this state.  Therefore, Plaintiffs, pursuant to C.R.C.P. 98(c), designate the City & County of Denver as the venue for this action.

## II.  GENERAL ALLEGATIONS

5. On Monday, May 13, 2019 at about 10:30 a.m,, Plaintiff Carlos Calzadillaz and another co-worker were grouting the H Pile on the west end of a job site at Denver International Airport. They were doing this in order to stabilize the H Pile for temporary shoring. They were using an Eterra BMX-600 Mix-and-Go Cement Mixer which was manufactured by Defendant(s) ETERRA. This Cement Mixer mixes dry cement powder to create cement that can be poured on to a target. Because Plaintiff Carlos Calzadillaz thought the mixing mechanism was stopped, he reached into the chute that the cement gets poured from to pull more of the cement mix out. Somehow the mixing mechanism started up again (or was still running) and caused an extremely serious injury to Plaintiff Carlos Calzadillaz' right hand.

6. Plaintiff Carlos Calzadillaz was doing this work as an employee of Lawrence Construction Company, which has its principal place of business in Littleton, Colorado, and is an entity separate and distinct from the Defendants herein. Lawrence Construction Company is not a defendant in this action.

7. As a result of his right hand getting caught in the Cement Mixer, Plaintiff Carlos Calzadillaz incurred the following injuries, damages, and losses, without limitation:

    (a)    a severe injury to his right hand;

    (b)    extensive medical treatment, hospitalization, surgeries, therapy, and related care, treatment and expenses, past and future, involving many physicians and other care providers;

    (c)    permanent physical impairment;

    (d)    scarring and disfigurement;

    (e)    loss of earnings and earning capacity, past and future;

    (f)    physical and mental pain and suffering, past and future;

    (g)    loss of life enjoyment and impairment of quality of life, past and future; and,

    (h)    severe emotional distress, past and future.

8. Plaintiff Carlos Calzadillaz is entitled to recover for those injuries, damages, and

losses in amounts sufficient to compensate him for same.

### III.  FIRST CLAIM FOR RELIEF
### (Strict Product Liability)

9. All preceding allegations contained in this Complaint are incorporated herein by this reference.

10. ETERRA was a manufacturer of the subject Eterra BMX-600 Mix-and-Go Cement Mixer.

11. The Eterra BMX-600 Mix-and-Go Cement Mixer was defective and unreasonably dangerous at the time it left ETERRA's control in at least the following particulars:

  (a) ETERRA failed to provide adequate warnings and/or instructions on use which informed the ordinary user of the risk of harm from the use of the assembly by Plaintiff Carlos Calzadillaz.

  (b) ETERRA failed to provide instructions on use adequate and sufficient to prevent against the events and injuries alleged above.

  (c) ETERRA failed to provide adequate shielding equipment or methods to prevent occurrence of the above alleged events and injuries.

12. The Eterra BMX-600 Mix-and-Go Cement Mixer was expected to and did reach Plaintiff Carlos Calzadillaz without substantial change in its pertinent condition at the time of its manufacture.

13. Plaintiff Carlos Calzadillaz was a person who would reasonably be expected to use or be affected by the Eterra BMX-600 Mix-and-Go Cement Mixer

14. The assembly equipment's defective and unreasonably dangerous condition was a direct and proximate cause of Plaintiff Carlos Calzadillaz's injuries, damages, and losses.

15. ETERRA is liable for Plaintiff Carlos Calzadillaz's injuries, damages, and losses under the doctrine of strict liability.

### IV.  SECOND CLAIM FOR RELIEF
### (Loss of Consortium)

16. Plaintiffs incorporate all previous allegations herein by this reference.

**EXHIBIT A**

17. Plaintiff Christeve Calzadillaz was and is the spouse of Plaintiff Carlos Calzadillaz.

18. As a result of the events and injuries to Plaintiff Carlos Calzadillaz alleged herein, Plaintiff Christeve Calzadillaz has incurred loss of rights of consortium, past and future.

19. ETERRA was and is a cause of that loss of rights of consortium under the doctrine of strict liability.

WHEREFORE, Plaintiffs pray for judgment against Defendant(s) ETERRA in an amount sufficient to compensate Plaintiffs for their injuries, damages, and losses, pre and post-judgment interest as provided by law, expert witness fees, costs, and such other and further relief as the Court deems appropriate.

## JURY DEMAND

**PLAINTIFFS HEREBY DEMAND TRIAL
TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE.**

Dated this 3rd day of May, 2021.

**PURVIS • GRAY • THOMSON, LLP**

*Signature of Michael J. Thomson on file at the offices of PURVIS • GRAY • THOMSON, LLP*
By /s/ Michael J. Thomson
    Michael J. Thomson

Address of Plaintiffs:
207 South Clarion Court
Pueblo West, CO 81007

**EXHIBIT A**